FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 05, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FIRST INTERSTATE BANK, a Montana State Chartered Bank,<br><br>    Plaintiff,<br><br>    v.<br><br>WALL STREET APARTMENTS, LLC, a Washington limited liability company,<br><br>    Defendant. | NO: 2:23-CV-0376-TOR<br><br>ORDER REMANDING CASE TO STATE COURT |

BEFORE THE COURT is Defendant's Motion for Remand. ECF No. 7. This matter was submitted for consideration without oral argument. The Court has reviewed the completed briefing and the record and files herein and is fully informed. No further delay is warranted.

This case involves a state court receivership of an apartment building. Alaa Elkharwily, not a named Defendant, acting pro se, filed a Notice of Removal from State Court to Federal Court. Mr. Elkharwily is not an attorney. The attorney

ORDER REMANDING CASE TO STATE COURT ~ 1

acting for Wall Street Apartments, LLC has filed this Motion to Remand.

In federal court, "corporations and other unincorporated associations must appear in court through an attorney." *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994); *see also Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("a corporation may appear in the federal courts only through licensed counsel"). According to Local Civil Rule 83.6 "A corporation, including a limited liability corporation; a partnership, including a limited liability partnership; an unincorporated association; a trust; or any entity other than a natural person may not appear in any action or proceeding pro se."

Mr. Elkharwily does not represent Wall Street Apartments, LLC. He claims he is the "Guarantor, Grantor, and interested party/Defendant."

Title 28 United States Code Section 1441 governs removal of cases from state court to federal court. Generally, a defendant may remove a case to federal court if the federal court would have subject-matter jurisdiction over one or more of the plaintiff's claims pursuant to 28 U.S.C. §§ 1331 (federal question) or 1332 (diversity of citizenship). *See* 28 U.S.C. § 1441(a), (b). "Since a defendant may remove a case only if the claim could have been brought in federal court…the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). "A defense that raises a federal question is inadequate to confer federal

ORDER REMANDING CASE TO STATE COURT ~ 2

jurisdiction." *Id*. There is a "strong presumption" against removal, and federal jurisdiction must be rejected if there are doubts about the right of removal. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

Wall Street Apartments, LLC contends that this Court lacks subject matter jurisdiction based on the untimely filing and based on the lack of both federal question and diversity jurisdiction. Accordingly, Wall Street Apartments, LLC is asking this Court to remand the case back to state court. For reasons articulated herein, the Court agrees.

Mr. Elkharwily is a non-party to this state action and does not have the legal right to remove it to Federal Court.

The removal statute requires removal within 30 days of receipt of the case's initial pleading. See 28 U.S.C. § 1446(b)(1). Here, Mr. Elkharwily did not meet that timeline, even if he could remove the case to Federal Court.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction generally exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002).

Here, a state court receivership does not present a federal question.

ORDER REMANDING CASE TO STATE COURT ~ 3

Even if Mr. Elkharwily had the legal right to remove this action, he has not shown proper diversity jurisdiction. See 28 U.S.C. § 1332(a).

Consequently, Mr. Elkharwily untimely and unjustified removal of this action to Federal Court must be reversed and remanded back to state court.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Remand, ECF No. 7, is **GRANTED**. The Court hereby **REMANDS** this case to the Spokane County Superior Court, State of Washington, former Case No. 23-2-01717-32, for all further proceedings.

2. Mr. Elkharwily's pending motions at ECF Nos. 14 and 15, are **DENIED** as moot.

The District Court Clerk is directed to enter this Order, provide copies to counsel, mail a copy to Alaa Elkharwily, 726 W. 6th Ave. #303, Spokane, WA 99201, <u>mail a certified copy of this Order</u> to the Clerk of the Spokane County Superior Court, and **CLOSE** this file.

**DATED** March 5, 2024.



THOMAS O. RICE
United States District Judge

ORDER REMANDING CASE TO STATE COURT ~ 4